**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Ollie Smith, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>Prosperity Solutions, Inc.<br><br>*Defendant*. | Civil Case No.: 1:26-cv-12334<br>Hon. Edmond E. Chang<br><br>**Jury Trial Demanded** |

**INITIAL STATUS REPORT**

Plaintiff Ollie Smith submits this Initial Status Report under the Court's October 21, 2026 minute entry (ECF 8). Defendant Prosperity Solutions, Inc. has not been served and has not appeared, so Plaintiff submits this report alone.

**1. The Nature of the Case**

a. Attorneys of record. Plaintiff: Alex N. Jilizian, Paronich Law, P.C. Defendant: no attorney has appeared. Plaintiff has not engaged with counsel for Defendant because we have yet to receive a summons and serve them.

b. Basis for federal jurisdiction. The Court has federal-question jurisdiction under 28 U.S.C. § 1331 because the claim arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

c. Nature of the claims. This is a putative class action. Plaintiff alleges that Defendant made unsolicited, pre-recorded telemarketing calls to his cellular telephone, and to those of putative class members, without prior express written consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii). There are no counterclaims.

d. Major legal and factual issues. Whether Defendant made the pre-recorded calls without prior express written consent, whether the conduct violated the TCPA and was willful, and whether a class should be certified. Plaintiff has not

engaged with counsel for Defendant because we have yet to receive a summons and serve them.

e. Relief sought. Class certification, a declaration that Defendant's conduct violates the TCPA, statutory damages of $500 per violation (up to $1,500 if willful), and other appropriate relief.

**2. Pending Motions and Case Plan**

a. Status of service. Defendant has not been served. Plaintiff submitted a proposed summons (ECF 7), but no summons has issued to date. Plaintiff will serve Defendant promptly once a summons issues.

b. Pending motions. None.

c. Discovery plan.

i. General type of discovery: written discovery and depositions concerning the calls, consent, and class issues.

ii.–vii. Dates for Rule 26(a)(1) disclosures, first written discovery, completion of fact and expert discovery, amendment of pleadings and joining parties, and dispositive motions: Plaintiff has not engaged with counsel for Defendant because we have yet to receive a summons and serve them. Plaintiff proposes that these dates be set after Defendant appears.

d. Jury trial. Plaintiff has demanded a jury trial. Plaintiff cannot estimate the length of trial until Defendant appears.

e. Electronic service. Plaintiff agrees to service of pleadings and other papers by electronic means under Rule 5(b)(2)(E). Defendant has not appeared.

**3. Consent to Proceed Before a Magistrate Judge**

a. The parties have not conferred because Defendant has not been served, so there is no unanimous consent at this time. Plaintiff has not engaged with counsel for Defendant because we have yet to receive a summons and serve them.

**4. Status of Settlement Discussions**

a. No settlement discussions have occurred.

b. Not applicable. Plaintiff has not engaged with counsel for Defendant because we have yet to receive a summons and serve them.

c. Plaintiff does not request a settlement conference at this time.

Dated: November 25, 2026

Respectfully Submitted:

*/s/ Alex N. Jilizian*
Alex N. Jilizian
2629 Manhattan Ave #1002
Hermosa Beach, CA 90254
PARONICH LAW, P.C.
Phone: (213) 866-5293
Fax: (508) 318-8100
alex@paronichlaw.com